**Douglas BENDER, by his Guardian, Mrs. Kenneth H. Nichol, Appellant,**

v.

**WALLACE–MURRAY COMPANY, Appellee.**

**No. 20075.**

United States Court of Appeals, Eighth Circuit.

Sept. 29, 1970.

Charles Rick Johnson, Gregory, S. D., for appellant; John J. Simpson, Winner, S. D., on the brief.

Gale E. Fisher, Sioux Falls, S. D., for appellee.

Before GIBSON and LAY, Circuit Judges, and HUNTER, District Judge.

**PER CURIAM.**

This appeal arises from a suit against the defendant Wallace-Murray Company on its alleged negligence in its manufacturing and distribution of a vent system installed for a furnace in a farm home near Gregory, South Dakota. A verdict was returned for the defendant and plaintiff appeals. The plaintiff originally sued the Wallace-Murray Company, the estate of the deceased owner of the premises, and the installer of the ventilation system as joint tort-feasors. At the beginning of the trial plaintiff settled with the latter two defendants and executed releases under the South Dakota Uniform Contribution Among Tort-feasors Act.

The question on appeal is whether the trial court erred in instructing the jury that the issue of liability before them concerned only the defendant Wallace-Murray since the plaintiff had settled with the other alleged tort-feasors.

Objection is raised that the court misapplied the South Dakota Uniform Contribution Among Tort-feasors Act governing releases and settlements with multiple tort-feasors. Plaintiff's exception to the court's instructions focused on the right of contribution among the tort-feasors. Plaintiff urged that the jury be allowed to pass on the liability of the two absent defendants because it might affect the pro rata contribution to the overall judgment by the remaining defendant. In other words, if one of the parties released were found not to be a tort-feasor, then the remaining defendant would be liable to pay one-half of the judgment rather than one-third.[1]

The difficulty with plaintiff's objection to the instructions as related to the issue on appeal is that the jury found for the defendant on the issue of liability. There exists no issue of damages before us. It would be patently incorrect for this court to render an advisory opinion on the application of the South Da-

kota statute as to the pro rata handling of damages. Plaintiff urges, however, that the court's instructions prevented him in some way from presenting the "whole spectrum of responsibility of the various defendants to the jury." This was not the basis for exception to the court's charge as required under Fed.R. Civ.P. 51. Furthermore, plaintiff concedes that no evidence was excluded by the court. Plaintiff further agrees that the issues of "proximate cause" and "concurrent negligence" were fully argued to the jury. We find no error in the verdict and judgment rendered for the defendant.

Judgment affirmed.

---

1. Plaintiff's counsel urged at trial that "a pro rata reduction in any event will not and cannot be ordered if a party to a settlement was not in fact a tortfeasor."